**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| Patrick and Tara Durham, | ) Case No. |
| | ) |
| Plaintiffs, | ) **COMPLAINT** |
| | ) |
| vs. | ) **Jury Trial Requested** |
| | ) |
| Premier Nissan, LLC, | ) |
| Ally Bank fka GMAC Automotive Bank, | ) |
| Capital One Auto Finance, Inc., | ) |
| Investar Bank, | ) |
| JPMorgan Chase Bank, N.A., | ) |
| TD Auto Finance, LLC, and | ) |
| Whitney Bank, | ) |
| | ) |
| Defendants. | ) |

**NATURE OF ACTION**

1.    Plaintiffs, Patrick Durham and Tara Durham ("Plaintiffs"), bring this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., against Premier Nissan, LLC ("Premier Nissan"), Ally Bank fka GMAC Automotive Bank ("GMAC"), Capital One Auto Finance, Inc. ("Capital One"), Investar Bank ("Investar"), JPMorgan Chase Bank, N.A. ("Chase"), TD Auto Finance, LLC ("TD"), and Whitney Bank ("Whitney") (collectively, "Defendants").

2.    The FCRA is a remedial statute designed for the protection of consumers.

3.    The FCRA was enacted by Congress to ensure fair and accurate credit reporting, promote efficiency in the banking system, and to protect consumer privacy. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).

4.    To further the purpose of protecting consumer privacy, the FCRA prohibits any consumer reporting agency from furnishing a consumer report to a prospective user unless that person has a "permissible purpose" to use the report. *See* 15 U.S.C. § 1681b(a)-(b).

5. Likewise, the FCRA makes it unlawful for any person to use or obtain a consumer report without a "permissible purpose." 15 U.S.C. § 1681b(f).

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiffs' action occurred in this district, Plaintiffs reside in this district, and Defendants transact business in this district.

## PARTIES

8. Plaintiffs are natural persons who at all relevant times resided in the State of Louisiana, Jefferson Parish, City of Metairie.

9. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1681a(c).

10. Premier Nissan is a "person" as defined by 15 U.S.C. § 1681a(b).

11. GMAC is a "person" as defined by 15 U.S.C. § 1681a(b).

12. Capital One is a "person" as defined by 15 U.S.C. § 1681a(b).

13. Investar is a "person" as defined by 15 U.S.C. § 1681a(b).

14. Chase is a "person" as defined by 15 U.S.C. § 1681a(b).

15. TD is a "person" as defined by 15 U.S.C. § 1681a(b).

16. Whitney is a "person" as defined by 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

17. Plaintiffs visited Premier Nissan's dealership in connection with the purchase of a vehicle.

18. Plaintiffs then selected a vehicle for purchase.

19. Prior to visiting the dealership, Plaintiffs obtained potential financing through their local credit union.

20. However, Plaintiffs requested that Premier Nissan attempt to obtain them financing through Nissan Motor Acceptance Corp. ("NMAC") due to a NMAC promotion offering a rebate.

21. As Plaintiffs only sought financing through NMAC for the rebate, Plaintiffs advised Premier Nissan multiple times that it only had authorization to obtain a copy of their consumer reports for NMAC and not any other lender.

22. Premier Nissan informed Plaintiffs that it would only request a consumer report on behalf of NMAC.

23. On March 27, 2015, Premier Nissan requested a copy of Plaintiffs' consumer reports on behalf of NMAC from Equifax Information Services, LLC.

24. However, Premier Nissan requested a consumer report from Equifax Information Services, LLC and other consumer reporting agencies on behalf of other potential lenders.

25. In particular, Plaintiffs' consumer reports were requested on behalf of, and upon information and belief furnished to:

    1) GMAC

    2) Capital One

    3) Investar

    4) Chase

    5) TD, and

    6) Whitney

26. Accordingly, Defendants obtained consumer reports concerning Plaintiffs without a permissible purpose, as Plaintiffs did not authorize the above uses.

27. Premier Nissan's conduct in requesting consumer reports about Plaintiffs, even after informing Plaintiffs that it only requested a report through NMAC and otherwise having no permissible purpose, was in reckless disregard for Plaintiffs' privacy rights protected by the FCRA.

28. Each other Defendant is responsible for the conduct of Premier Nissan where Premier Nissan acted as its agent and for its benefit.

29. Plaintiffs were denied credit opportunities due to Defendants' conduct, where a contributing cause of denial was too many inquiries appearing on Plaintiffs' credit reports.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1681b(f)(1)
## PREMIER NISSAN

30. Plaintiffs repeats and re-allege each and every factual allegation above.

31. Premier Nissan violated 15 U.S.C. § 1681b(f)(1) by using or obtaining a consumer report for any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished.

32. As a result of Premier Nissan's conduct as described herein, Plaintiffs have suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, time and expense expended in effort to remedy the unauthorized inquiries from appearing on Plaintiffs' credit reports, humiliation and embarrassment of credit denials, and mental and emotional pain and anguish.

33. Premier Nissan's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiffs for damages pursuant to 15 U.S.C. § 1681n.

34. In the alternative, Premier Nissan's conduct, action(s), and/or inaction was negligent, entitling Plaintiffs to recover damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Premier Nissan violated 15 U.S.C. § 1681b(f)(1);

b) Awarding Plaintiffs actual or statutory damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a);

c) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d) Awarding Plaintiffs punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1681b(f)(1)
## GMAC

35. Plaintiffs repeats and re-allege each and every factual allegation above.

36. GMAC violated 15 U.S.C. § 1681b(f)(1) by using or obtaining a consumer report for any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished.

37. As a result of GMAC's conduct as described herein, Plaintiffs have suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, time and expense expended in effort to remedy the unauthorized inquiries from appearing on Plaintiffs' credit reports, humiliation and embarrassment of credit denials, and mental and emotional pain and anguish.

38. GMAC's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiffs for damages pursuant to 15 U.S.C. § 1681n.

5

39. In the alternative, GMAC's conduct, action(s), and/or inaction was negligent, entitling Plaintiffs to recover damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that GMAC violated 15 U.S.C. § 1681b(f)(1);

b) Awarding Plaintiffs actual or statutory damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a);

c) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d) Awarding Plaintiffs punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1681b(f)(1)
## CAPITAL ONE

40. Plaintiffs repeats and re-allege each and every factual allegation above.

41. Capital One violated 15 U.S.C. § 1681b(f)(1) by using or obtaining a consumer report for any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished.

42. As a result of Capital One's conduct as described herein, Plaintiffs have suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, time and expense expended in effort to remedy the unauthorized inquiries from appearing on Plaintiffs' credit reports, humiliation and embarrassment of credit denials, and mental and emotional pain and anguish.

43. Capital One's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiffs for damages pursuant to 15 U.S.C. § 1681n.

44. In the alternative, Capital One's conduct, action(s), and/or inaction was negligent, entitling Plaintiffs to recover damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Capital One violated 15 U.S.C. § 1681b(f)(1);

b) Awarding Plaintiffs actual or statutory damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a);

c) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d) Awarding Plaintiffs punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1681b(f)(1)
## INVESTAR

45. Plaintiffs repeats and re-allege each and every factual allegation above.

46. Investar violated 15 U.S.C. § 1681b(f)(1) by using or obtaining a consumer report for any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished.

47. As a result of Investar's conduct as described herein, Plaintiffs have suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, time and expense expended in effort to remedy the unauthorized inquiries from appearing on Plaintiffs' credit reports, humiliation and embarrassment of credit denials, and mental and emotional pain and anguish.

48. Investar's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiffs for damages pursuant to 15 U.S.C. § 1681n.

49. In the alternative, Investar's conduct, action(s), and/or inaction was negligent, entitling Plaintiffs to recover damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Investar violated 15 U.S.C. § 1681b(f)(1);

b) Awarding Plaintiffs actual or statutory damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a);

c) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d) Awarding Plaintiffs punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1681b(f)(1)
## CHASE

50. Plaintiffs repeats and re-allege each and every factual allegation above.

51. Chase violated 15 U.S.C. § 1681b(f)(1) by using or obtaining a consumer report for any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished.

52. As a result of Chase's conduct as described herein, Plaintiffs have suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, time and expense expended in effort to remedy the unauthorized inquiries from appearing on Plaintiffs' credit reports, humiliation and embarrassment of credit denials, and mental and emotional pain and anguish.

53. Chase's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiffs for damages pursuant to 15 U.S.C. § 1681n.

54. In the alternative, Chase's conduct, action(s), and/or inaction was negligent, entitling Plaintiffs to recover damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Chase violated 15 U.S.C. § 1681b(f)(1);

b) Awarding Plaintiffs actual or statutory damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a);

c) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d) Awarding Plaintiffs punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VI
### VIOLATION OF 15 U.S.C. § 1681b(f)(1)
### TD

55. Plaintiffs repeats and re-allege each and every factual allegation above.

56. TD violated 15 U.S.C. § 1681b(f)(1) by using or obtaining a consumer report for any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished.

57. As a result of TD's conduct as described herein, Plaintiffs have suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, time and expense expended in effort to remedy the unauthorized inquiries from appearing on Plaintiffs' credit reports, humiliation and embarrassment of credit denials, and mental and emotional pain and anguish.

58. TD's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiffs for damages pursuant to 15 U.S.C. § 1681n.

59. In the alternative, TD's conduct, action(s), and/or inaction was negligent, entitling Plaintiffs to recover damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that TD violated 15 U.S.C. § 1681b(f)(1);

b) Awarding Plaintiffs actual or statutory damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a);

c) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d) Awarding Plaintiffs punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1681b(f)(1)
## WHITNEY

60. Plaintiffs repeats and re-allege each and every factual allegation above.

61. Whitney violated 15 U.S.C. § 1681b(f)(1) by using or obtaining a consumer report for any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished.

62. As a result of Whitney's conduct as described herein, Plaintiffs have suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, time and expense expended in effort to remedy the unauthorized inquiries from appearing on Plaintiffs' credit reports, humiliation and embarrassment of credit denials, and mental and emotional pain and anguish.

63. Whitney's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiffs for damages pursuant to 15 U.S.C. § 1681n.

64. In the alternative, Whitney's conduct, action(s), and/or inaction was negligent, entitling Plaintiffs to recover damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Whitney violated 15 U.S.C. § 1681b(f)(1);

b) Awarding Plaintiffs actual or statutory damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a);

c) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d) Awarding Plaintiffs punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

65. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: October 14, 2015.

Respectfully submitted,

/s/ Ashley J. Scott
Ashley J. Scott
LA State Bar No. 34081
3730 Kirby Dr. Ste. 1200 #283
Houston TX 77098
Telephone: (888) 332-7252 ext. 275
Facsimile: (866) 317-2674
ascott@consumerlawinfo.com

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206

Attorneys for Plaintiffs Patrick and Tara Durham